# Benjamin Boyer's Estate.  Jacob Boyer's Appeal.

*Will—Issue devisavit vel non—Testamentary capacity—Evidence.*

An issue devisavit vel non is properly refused where the evidence shows no more than that the decedent was confined to his bed by rheumatism during the last six years of his life; that at intervals he was subject to delusions, imagining that people were tearing down and carrying away his fences; that these delusions never lasted longer than an afternoon and a night; that the decedent had otherwise sufficient capacity to manage his farm from his bed, to read the newspaper, settle for the purchase of real estate, make contracts for the purchase and sale of personal property, employ servants, fix their wages, and personally supervise the payments, calling to him his son and others to make calculations for him, and to write the papers which he was not able himself to write.

Argued Feb. 19, 1895. Appeal, No. 42, Jan. T., 1895, by Jacob Boyer, from decree of O. C. Schuylkill Co., refusing an issue devisavit vel non. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Appeal from decision of register of wills, refusing an issue devisavit vel non.

The facts stated in the syllabus were found from the testimony of the contestants by the court below.

*Error assigned* was the decree refusing an issue.

*James A. Rinck* and *W. F. Shepherd,* for appellant, cited as to the sufficiency of the evidence: Irish v. Smith, 8 S. & R. 572; Rambler v. Tryon, 7 S. & R. 90; Knaus's Ap., 110 Pa. 339; Dickinson v. Dickinson, 61 Pa. 404; Bricker v. Lightner, 40 Pa. 199; Titlow v. Titlow, 54 Pa. 216.

*A. W. Schalck,* for appellee, cited as to the sufficiency of the evidence: Rhone's O. C. Prac., vol. III, p. 308; Miller v. Oestrich, 157 Pa. 270; Heister v. Lynch, 1 Yeates, 114; Dornick v. Reichenback, 10 S. & R. 84; Boyd v. Eby, 8 Watts, 66; Grabill v. Barr, 5 Pa. 441; Tawney v. Long, 76 Pa. 106; Cameron's Est., 3 Dist. Rep. 101; Thompson v. Kyner, 65 Pa. 368; Goodman's Est., 45 Leg. Int. 227, and 19 Phila. 82; Wilson v. Mitchell, 101 Pa. 495; Herster v. Herster, 122 Pa. 264; Eddey's Ap., 109 Pa. 406; Shaver v. McCarthy, 110 Pa. 339; Rodger's Est., 19 W. N. C. 383; Miller v. Oestrich, 157 Pa. 264; Pensyl's Ap., 157 Pa. 465.

On the question of undue influence: Tawney v. Long, 76 Pa. 106; Cameron's Est., 3 Dist. Court Rep. 101; Reichenbach v. Rudach, 24 W. N. C. 485; Thompson v. Kyner, 65 Pa. 368; Miller v. Oestrich, 157 Pa. 264; Pensyl's Ap., 157 Pa. 465; Hagy v. Poike, 160 Pa. 522.

As to the subscribing witnesses: Werstler v. Custer, 46 Pa. 502: Harden v. Hays, 9 Pa. 151; Egbert v. Egbert, 78 Pa. 326; Miller v. Oestrich, 157 Pa. 264; Pensyl's Ap., 157 Pa. 465; Cauffman v. Long, 82 Pa. 72; 1 Jarman on Wills, 72; Brown's Medical Jurisprudence of Insanity, sec. 24 p. 82.

PER CURIAM, March 11, 1895:

The review of the testimony contained in the opinion of the learned court below, satisfies us as to the correctness of the conclusion reached. For the reasons stated in the opinion we affirm the decree of the court below refusing the issue.

Decree affirmed.